UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| CRAIG WILLIAMS, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No. 2:15-cv-00177-JMS-MJD |
| | ) | |
| BRIAN SMITH *SUPERINTENDENT,* | ) | |
| | ) | |
| Respondent. | ) | |

**Entry Dismissing Action and Directing Entry of Final Judgment**

**I.**

The petition of Craig Williams for a writ of habeas corpus is **denied** because the pleadings and the expanded record do not show that the prison disciplinary proceeding identified as No. ISF 15-03-0265 is tainted by constitutional error. This conclusion rests on the following facts and circumstances:

1.    The petitioner seeks relief pursuant to 28 U.S.C. § 2254(a). "[I]n all habeas corpus proceedings under 28 U.S.C. § 2254, the successful petitioner must demonstrate that he 'is in custody in violation of the Constitution or laws or treaties of the United States.'" *Brown v. Watters,* 599 F.3d 602, 611 (7th Cir. 2010) (quoting 28 U.S.C. § 2254(a)). Prisoners in Indiana custody may not be deprived of good-time credits, *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004), or of credit-earning class, *Montgomery v. Anderson,* 262 F.3d 641, 644–45 (7th Cir. 2001), without due process. The due process requirement is satisfied with the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and

"some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill,* 472 U.S. 445, 454 (1985); *Wolff v. McDonnell,* 418 U.S. 539, 570–71 (1974).

2. On March 6, 2015, Correctional Officer S. Anderson wrote a Report of Conduct charging Williams with *Attempting to Commit a Class B Offense/Theft*. The Conduct Report recites that during the morning of that date the reporting officer observed Williams break into offender Elvis Lacy's property box. Lacy's property box was located in the housing unit to which both Lacy and Williams were assigned.

3. Williams was provided with a copy of the conduct report and notified of his procedural rights in connection with the matter.

4. The disciplinary proceeding was conducted on March 16, 2015. Williams was present, accompanied by his law advocate. Williams made a statement concerning the charge. The hearing officer considered Williams' statement, as well as the conduct report and other evidence. The hearing officer had reviewed a video of Williams opening Lacy's property box prior to the hearing. Williams admitted going into Lacy's property box, explaining that his shorts were missing and he was looking for them. Williams was found guilty of the charged misconduct and was sanctioned. His administrative appeals were rejected and this action followed.

5. Applying the requirements of *Wolff* and *Hill* as an analytical template, Williams received all the process to which he was entitled. That is, the charge was clear, adequate notice was given, and the evidence was sufficient. In addition, (1) Williams was given the opportunity to appear before the hearing officer and make a statement concerning the charge, (2) the hearing officer issued a sufficient statement of his findings, and (3) the hearing officer issued a written reason for the decision and for the sanctions imposed.

6.  Williams' claims that he was denied the protections afforded by *Wolff* and *Hill* are without merit.

   a.  Any challenge to the sufficiency of the evidence lacks merit for the reasons just explained. In this setting, evidence is constitutionally sufficient if it "point[s] to the accused's guilt." *Lenea v. Lane,* 882 F.2d 1171, 1175 (7th Cir. 1989); *see also Hill*, 472 U.S. at 457 ("The Federal Constitution does not require evidence that logically precludes any conclusion but the one reached by the disciplinary board."). Although Williams denied an intent to deprive Lacy of Lacy's property, his admitted behavior supports a reasonable inference otherwise and it was up to the hearing officer to decide any issue of credibility. *Scruggs v. Jordan*, 485 F.3d 934, 939 (7th Cir. 2007). This Court cannot now reweigh the evidence. *McPherson v. McBride,* 188 F.3d 784, 786 (7th Cir. 1999)(in reviewing a disciplinary determination for sufficiency of the evidence, "courts are not required to conduct an examination of the entire record, independently assess witness credibility, or weigh the evidence, but only determine whether the prison disciplinary board's decision to revoke good time credits has some factual basis"). The evidence in No. ISF 15-03-0265 was constitutionally sufficient as to all components of the offense Williams was found to have committed.

   b.  Williams' only explicit claim is that the hearing officer did not consider the evidence Williams had requested be viewed. That consists of the video. The expanded record is explicit, however, that the hearing officer did review the video. He did this on March 13, 2015, writing a summary of what the video showed and concluding that permitting Williams to view the video would jeopardize the safety and security of the institution. The expanded record flatly refutes Williams' claim that the hearing officer did not examine the video and consider it in conjunction with the other evidence.

7.  "The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff,* 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceeding, or sanctions involved in the events identified in this action, and there was no constitutional infirmity in the proceeding which entitles Williams to the relief he seeks. Accordingly, his petition for a writ of habeas corpus must be **denied**.

## II.

Judgment consistent with this Entry shall now issue.

IT IS SO ORDERED.

Date: June 10, 2016

Hon. Jane Magnus-Stinson, Judge
United States District Court
Southern District of Indiana

Distribution:

CRAIG WILLIAMS
DOC # 956746
PUTNAMVILLE CORRECTIONAL FACILITY
Inmate Mail/Parcels
1946 West U.S. Hwy 40
Greencastle, IN 46135

Electronically Registered Counsel